**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT A. SMILLIE,**<br>    **Petitioner,**<br><br>        v.<br><br>**HARRY WILSON, et al.,**<br>    **Respondents.** | **C.A. No. 06-220 Erie**<br><br>**District Judge Cohill**<br>**Magistrate Judge Baxter** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Respondents' Motion to Dismiss [Document # 13] be granted, that the Petition for Writ of Habeas Corpus be dismissed as untimely, and that a certificate of appealability be denied.

**II.   REPORT**

**A.   Relevant Procedural and Factual History**

This is a petition for writ of *habeas corpus* filed by a state prisoner incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania. Petitioner claims that his maximum sentence expired on April 27, 2001, and that, by keeping him in prison beyond his alleged maximum sentence date, the Pennsylvania Department of Corrections ("DOC") and the Erie County Court of Common Pleas are subjecting him to cruel and unusual punishment in violation of the eighth amendment to the United States Constitution.

Petitioner was convicted and effectively sentenced on April 27, 1981, to a term of three to twenty years for burglary, and two to seven years for retail theft, to be served consecutively for a total sentence of five to twenty-seven years. He was also sentenced to a term of two years to five years for a drug offense, to be served concurrently with the theft and burglary sentences. (Document # 8, Exhibit A, pp. 1-2). Petitioner was released on parole on August 7, 1986, at which time his controlling maximum sentence date was April 27, 2008. (Document # 8, Exhibits B & C).

Over the next few years, Petitioner was arrested on several occasions for various offenses he committed, or was alleged to have committed; yet, the Parole Board allowed him to continue on parole. For example, on April 25, 1988, Petitioner was convicted of driving under the influence, and was sentenced to forty-eight hours to one year at ARC House in Pittsburgh, Pennsylvania; on June 18, 1989, he was arrested and charged with criminal trespass, criminal mischief and a drug violation, which charges were eventually reduced to disorderly conduct; on November 29, 1994, he was arrested and charged with simple assault and reckless endangerment; and, on July 24, 1996, he was again arrested and charged with driving under the influence, as well as careless driving. (Document # 8, Exhibit A at pp. 2-3). On the latter charges, Petitioner pled guilty and was sentenced to forty-eight to ninety-six hours at the Renewal Halfway Back Program ("Renewal"), yet his parole was not revoked. (Id.).

In addition to his various arrests, Petitioner tested positive for cocaine and/or marijuana on several occasions during the years 1998 through 2001. (Document # 8, Exhibit A, at p. 3; Exhibit E). On July 9, 2001, Petitioner was again ordered to entered the Renewal program, but was unsuccessfully discharged from the program on November 2, 2001, at which point the Parole Board issued a warrant to commit and detain him for violating the conditions of his parole. (Id.). Petitioner was then transported to the State Correctional Institution at Pittsburgh, Pennsylvania ("SCI-Pittsburgh"). (Document # 8, Exhibit A, at p. 4).

On November 29, 2001, Petitioner was charged with simple possession of marijuana, possession with intent to deliver, and criminal solicitation, which he committed on November 19, 2001, while he was incarcerated at SCI-Pittsburgh. (Document # 8, Exhibit F). On February 19, 2002, the Parole Board recommitted Petitioner to serve twelve months' back time, when available as a technical parole violator, for his failure to complete the Renewal program. (Document # 8, Exhibit G). On August 6, 2003, Petitioner pled guilty to the November 29, 2001, possession charge and received one year of probation. (Document # 8, Exhibit H). The Parole Board then held a revocation hearing on November 21, 2003, to determine whether Petitioner should be recommitted as a convicted parole violator. (Document # 8, Exhibit I). The Board's decision, mailed May 17, 2004, recommitted Petitioner to serve six months' back time as a convicted parole violator for the

2

August 2003 conviction, to be served concurrently with the twelve months of back time that was assessed on February 19, 2002. (Document # 8, Exhibit J). The Board gave Petitioner credit for the time served from November 2, 2001 through August 6, 2003, and recalculated his maximum date as February 28, 2023. (Document # 8, Exhibit J; Exhibit A at p. 4).

Petitioner filed an administrative appeal with the Board on June 11, 2004, claiming that the Board failed to properly credit him for fifteen years on parole in good standing, and erred when it recalculated his maximum date. (Document # 8, Exhibit K). The Board denied Petitioner's appeal on September 28, 2004. (Document # 8, Exhibit L). In denying Petitioner's appeal, the Board explained that, when he was originally paroled, he had 21 years, 8 months and 20 days remaining on his sentence; however, when he was arrested and convicted on new charges, the Board had authority to recommit him as a convicted parole violator, thereby forfeiting all credit for time spent on parole. (Document # 8, Exhibit L; Exhibit A at p. 5).

Petitioner then filed a Petition for Review with the Commonwealth Court of Pennsylvania claiming, *inter alia*, that since he was in custody at the time of his arrest on November 19, 2001, the Board was required to credit him with all of the time he was on parole in good standing. (Document # 8, Exhibit M). The Commonwealth Court issued its Opinion and Order on March 23, 2005, affirming the Board's decision. (Document # 8, Exhibit A).

Shortly thereafter, the Board granted Petitioner re-parole on April 19, 2005. (Document # 8, Exhibit O); however, on May 15, 2005, Petitioner received a Class 1 misconduct for possession of intoxicating beverages. As a result, by memo dated June 15, 2005, the staff at SCI-Fayette rescinded its recommendation for parole and the Parole Board revoked its parole decision and release order of April 19, 2005, and listed Petitioner for re-interview on or after May 2006. (Document # 8, Exhibit P). On May 22, 2006, the Board denied Petitioner re-parole. (Document # 8, Exhibit Q).

Petitioner filed the instant Petition on September 21, 2006. On February 22, 2007, Respondents filed a Motion to Dismiss the Petition [Document # 13], arguing that it was filed beyond the applicable statute of limitations.

**B.     Statute of Limitations**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d)   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

Here, Petitioner is contesting his continued incarceration beyond his alleged maximum sentence date of April 27, 2001. In this context, Petitioner argues that "the Pennsylvania Board of Probation and Parole had no jurisdiction over petitioner to recommit him on November 2, 2001, when as records will indicate no sentence remained to be served." (Document # 12, Petitioner's Reply Brief, at p. 3). Thus, it appears that the crux of Petitioner's challenge stems from the Board's latest decision of May 17, 2004, pursuant to which the Board recommitted Petitioner to serve six months' back time as a convicted parole violator for his August 2003 conviction, to be served concurrently with the twelve months of back time that was assessed by the Board on February 19, 2002. This decision also recalculated Petitioner's maximum sentence date as February 28, 2003.

4

Petitioner appealed this decision to the Board and, ultimately, to the Commonwealth Court, which affirmed the Board's decision in an opinion dated March 23, 2005.

Thus, giving Petitioner every benefit of the doubt, the latest possible date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," is March 23, 2005.  28 U.S.C. § 2244(d)(1)(D).  Petitioner's federal habeas petition was not received in this Court until September 21, 2006, nearly 6 months after the one year statute of limitations had expired.  Nothing in the record indicates that Petitioner is entitled to take advantage of any of the exceptions to the one-year limitations period.  Specifically, he has failed to show that he was prevented by State action from filing the instant Petition, or that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. §2254(d)(1)(B-C).  Finally, there is no indication that the doctrine of equitable tolling should be applied here.[1]

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' Motion to Dismiss [Document # 13] be granted, that the instant petition for writ of habeas corpus be dismissed as untimely, and that a certificate of appealability be denied.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing

---

[1] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted).  A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief U.S. Magistrate Judge

Dated: May 15, 2007

cc:  The Honorable Maurice B. Cohill  
     United States District Judge